IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>*Heroth* – 3:12-cv-04647-K | MDL Docket No.<br><br><br><br>3:11-MD-2244-K |

## MEMORANDUM OPINION AND ORDER

Defendants' Motion for Summary Judgment on the Claims Asserted by Claudia Heroth for Lack of Causation [*Heroth* Doc. 30] is before the Court. After careful consideration of the parties' briefing and the applicable law, and for the reasons stated below, the Court GRANTS Defendants' Motion.

I. Factual and Procedural Background

Ms. Heroth asserts claims against Depuy, as well as Depuy Products, Inc., Depuy Synthes, Inc., Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International (collectively, the "Defendants") related to the design, development, manufacture, and distribution of the Pinnacle Device. The Pinnacle Device is used to replace diseased hip joints and was intended to provide pain-free natural motion over a longer period of time than other hip-replacement devices.

- 1 -

Defendants argue that summary judgment is proper on all of Plaintiff Claudia Heroth's claims because the only expert evidence adduced by Ms. Heroth forecloses a finding of causation. Medical causation is an essential element of all of Ms. Heroth's claim.

## II. Summary Judgment Standard

This Court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue as to a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence in the light most favorable to the party resisting the motion. *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983).

## III. Analysis

Defendants support their argument by pointing to the testimony of Drs. Albert Burstein and Jonathan Gainor. Dr. Albert Burstein, a biomechanical engineer, disclaimed a causal relationship, concluding that "it is not likely that the symptoms leading to [Ms. Heroth's] revision surgery can be attributable to the presence of a metal on metal bearing." (Rep. of Albert H. Burstein, Ph.D. ("Burstein *Heroth* Rep.") at 2, July 11, 2017. Dr. Jonathan Gainor, Ms. Heroth's revising orthopedic surgeon, testified that he was unable to draw a causal link between the Pinnacle Ultamet and Ms.

Heroth's loosening and pain, which led to her revision surgery. (See, e.g., Dep. of Jonathan P. Gainor, M.D. ("Gainor Dep.") 16:13-16, 108:4-6, June 26, 2017.

In response, Plaintiffs argue that Ms. Heroth has a complex medical history that makes her case unique. Ms. Heroth had mitral valve replacement surgery in 2002, and had a pacemaker implanted in 2008 due to chronic atrial fibrillation following her heart valve replacement. (Ex. C: HEROTHC-4311). She was diagnosed with degenerative disc disease and underwent two lumbar fusion surgeries in 2017 (Ex. C: HEROTH-7970-72; 7973-75).

Plaintiffs' summary judgment evidence does not establish the existence of a genuine issue of material fact related to causation on Ms. Heroth's claims. Based on the parties' summary judgment evidence, no reasonable jury could conclude that the defective nature of the Pinnacle Ultamet caused her alleged injuries and resulting revision surgery.

Accordingly, summary judgment is proper on Ms. Heroth's claims and the Court GRANTS Defendants' Motion for Summary Judgment on the Claims Asserted by Claudia Heroth for Lack of Causation.

SO ORDERED.

Signed September 18, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE